### Asa Sprague vs. William W. Mumford, impleaded, &c.

Defendant's motion to set aside an inquest for irregularity was denied, because he had not used due diligence in finding out wherein plaintiff had amended his declaration (by changing the venue), after being informed it had been amended.

*Motion by defendant to set aside inquest for irregularity.*—This suit was commenced by writ of scire facias. The venue in the declaration was laid in Oneida county. After the defendant had appeared and pleaded, an application was made to the court by plaintiff to amend the writ, which was granted, and the venue in the declaration was changed to the county of Jefferson. After notice of trial was served for Jefferson circuit, the defendant, on inquiry of plaintiff's attorneys to know whether the venue had been changed, was informed that the declaration had been amended and served, but in what particular the amendments consisted they were then unable to state, as the papers were not before them. The plaintiff did not attend the circuit, and inquest was taken by default.

M. T. Reynolds, *Defts Counsel.*    W. W. Mumford, *Deft in pro. per.*
J. A. Spencer, *Plffs Counsel.*    Spencer & Kernan, *Plffs Attys.*

*Per Curiam.*—The defendant did not use due diligence in ascertaining in what particular the declaration had been amended, after he was informed it was amended.

*Decision.*—Motion denied with costs.